**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **PREMESSA JENKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:11-CV-350 (MTT)** |
| | ) | |
| **BUTTS COUNTY SCHOOL DISTRICT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendant Butts County School District's

Motion to Dismiss.  (Doc. 15).  For the reasons set forth below, the Motion is granted.

Pro se Plaintiff Premessa Jenkins is the mother of T.J., a disabled child receiving

Profound Intellectual Disabilities and Speech Language Services.  The Plaintiff alleges

that Defendant Butts County School District failed to provide T.J. with a free appropriate

public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"),

20 U.S.C. § 1400 *et seq.*  (Doc. 1).  The Plaintiff also alleges that the Defendant's

actions violated her daughter's constitutional and equal opportunity rights, the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Section 504 of the

Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, and the "Safety Act."  (Doc. 1).[1]

The Defendant filed an Answer on November 22, 2011, in which it asserted numerous

---

[1] Even construed liberally, as the Court does with pro se pleadings, the Plaintiff's Complaint
contains only conclusory allegations that her daughter did not receive a FAPE and that she was
treated differently because of her disability.  She does not state with any detail the manner in
which the Defendant has allegedly violated her daughter's rights under any of the cited statutes.

affirmative defenses, many of which related to the Plaintiff's alleged failure to exhaust her administrative remedies prior to filing suit in federal court. After convening a discovery conference on January 12, 2012, at which counsel for the Defendant failed to appear, the Court ordered the Defendant to prepare a memorandum explaining in detail the reasons it contends the Plaintiff's claims should be dismissed prior to discovery. (Doc. 13). Responding to the Court's order, the Defendant filed its Motion to Dismiss (Doc. 15) on January 27, 2012, and the Plaintiff responded on March 7, 2012 (Doc. 17). The Defendant did not file a reply.

The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs…." 20 U.S.C. § 1400(d)(1)(A). The IDEA provides funding to state and local education agencies to assist in educating children with disabilities. *Id.* § 1400(d). "In turn, state and local education agencies must identify children with disabilities and develop annual IEPs [individualized education programs] for each child." *M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1157 (11th Cir. 2006) (citing 20 U.S.C. § 1414).

The IDEA also provides dissatisfied parents an extensive framework under which they can present complaints "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6)(A). A parent wishing to challenge the provision of a FAPE to his or her child must first request an "impartial due process hearing," which, in Georgia, is conducted by the Office of State Administrative Hearings and presided over

by an administrative law judge ("ALJ").  *Id.* § 1415(f); O.C.G.A. § 50-13-41.  Only after

an impartial due process hearing is held and an ALJ has rendered a decision may a

parent bring a civil action in state or federal court challenging the ALJ's decision.  20

U.S.C. §§ 1415(i)(2)(A), 1415(l).  The Eleventh Circuit has made clear that "plaintiffs are

required to utilize the elaborate administrative scheme established by the IDEA before

resorting to the courts to challenge the actions of local school authorities."  *N.B. by D.G.*

*v. Alachua Cnty. Sch. Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996) (internal quotations and

citation omitted).  "[B]ecause exhaustion is a prerequisite to the civil action

contemplated by § 1415(l), a parent's failure to exhaust administrative remedies by

requesting and participating in a due process hearing will result in dismissal of the civil

action."  *J.P. v. Cherokee Cnty. Bd. of Educ.*, 218 Fed. Appx. 911, 913 (11th Cir. 2007)

(citation omitted).

The IDEA's exhaustion requirement applies with equal force to claims brought

under the ADA, Section 504, and the Constitution: "[B]efore the filing of a civil action

under such laws seeking relief that is also available under this subchapter, the

procedures under subsections (f) and (g) shall be exhausted to the same extent as

would be required had the action been brought under this subchapter."  20 U.S.C.

§ 1415(l).  "Thus, whether claims asserting the rights of disabled children are brought

pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be

exhausted in state administrative proceedings."  *M.T.V.*, 446 F.3d at 1158.

Here, the Defendant contends that the Plaintiff failed to exhaust her

administrative remedies as required by the IDEA before bringing this lawsuit.

Specifically, the Defendant claims the Plaintiff never requested a due process hearing and, consequently, no due process hearing was ever held.  In her response, the Plaintiff does not argue that she requested such a hearing or that one was held.  Instead, she claims that she exhausted her administrative remedies by filing a complaint with the Georgia Department of Education ("GaDOE") complaining that T.J. was not receiving a FAPE.  The GaDOE apparently investigated the Plaintiff's claim and issued a three-and-one-half-page written decision, in which it found that the Defendant was in compliance with the provision of a FAPE to T.J.  (Doc. 15-1 at 15-18).  The last paragraph of the written decision from the GaDOE states that "[a]ll decisions arising from this complaint process are final.  There is no appeal or reconsideration process."  (Doc. 15-1 at 18).  The Plaintiff claims she thought this meant her options through the State of Georgia and the Board of Education were closed, and that she could pursue her claim further in state or federal court.  (Doc. 17 at 2).

Unfortunately for the Plaintiff, the state review process she underwent is not the equivalent of a due process hearing and does not satisfy the IDEA's exhaustion requirement.  The process the Plaintiff initiated, known as the "Formal Complaint Process," is outlined in GA Rules and Regulations 160-4-7-.12(1), and is entirely separate and distinct from the "Impartial Due Process Hearing" process outlined in GA Rules and Regulations 160-4-7-.12(3).  The two processes are distinguishable in many respects, primarily in that a due process hearing is significantly more comprehensive and is presided over by an impartial ALJ, as opposed to an employee of the GaDOE.  Thus, while the statutory scheme allows a parent to bring a complaint under either

-4-

provision, a party must first go through the due process complaint and hearing process before bringing a claim in state or federal court.  20 U.S.C. § 1415(i)(2)(A).

Moreover, and perhaps more importantly, because there was no due process request or hearing, there is no ALJ decision or administrative record for this Court to review.  As noted, the IDEA permits "[a]ny party aggrieved" by the final decision of an ALJ "to bring a civil action … in a district court." *Id.* § 1415(i)(2)(A).  The district court "shall receive the records of the administrative proceedings; shall hear additional evidence at the request of a party; and basing its decision on the preponderance of the evidence, shall grant relief as the court determines is appropriate." *Id.* § 1415(i)(2)(C). Thus, while the district court is permitted to receive additional evidence, the IDEA "contemplates that the source of the evidence generally will be the administrative hearing record." *Walker Cnty. Sch. Dist. v. Bennett*, 203 F.3d 1293, 1298 (11th Cir. 2000); *see also Loren F. ex rel. Fisher v. Atlanta Indep. Sch. Sys.*, 349 F.3d 1309, 1313 (11th Cir. 2003) (stating that "the district court's decision is perhaps better described as a judgment on the record").

Here, it is undisputed that the Plaintiff never requested a due process hearing and that no due process hearing was held.  Although the Court does not doubt that the Plaintiff brought this action in good faith, as she claims, the Plaintiff's good faith belief that this Court was the proper venue to further pursue her claims does not relieve her of her statutory duty to exhaust her administrative remedies before resorting to civil

litigation in federal court.[2]  Accordingly, the Defendant's Motion to Dismiss is **granted**, and this action is **dismissed without prejudice**.[3]

The Defendant has also moved for attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(III).  Under that provision, "the court, in its discretion, may award reasonable attorney's fees … to a prevailing State educational agency or local educational agency … if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III).  The Court finds that the Plaintiff's Complaint was not brought for any improper purpose. Accordingly, the Defendant's request for attorney's fees is **denied**.

**SO ORDERED,** this 30th day of April, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Plaintiff does not argue that exhaustion would have been futile or inadequate.  *M.T.V.*, 446 F.3d at 1159.  Because the burden of proving the futility or inadequacy exception to the exhaustion requirement rests on the party seeking the exemption, the Court will not address whether either exception applies.  *Id.*

[3] Because this dismissal is without prejudice, the Plaintiff is free to refile her claims in a separate action in this or another court after she has properly exhausted her administrative remedies.